UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BURNS,

      Plaintiff,

vs.                                  Case No. 8:15-cv-02330-T17-TBM

MEDTRONIC, INC.,
NEAL HORNE, individually,
MIKE MATHIAS, individually,
CLAYTON DESANTIS, individually,

      Defendants.

---

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | **January 15, 2016** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | **December 16, 2015** |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | **February 3, 2016** |
| **Disclosure of Expert Reports** **Plaintiff:** **Defendant:** **Rebuttal:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | **May 6, 2016** **May 6, 2016** **June 3, 2016** |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **August 1, 2016** |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 5 months or more before trial term begins] | **September 30, 2016** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Meeting In Person to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | **January 13, 2017** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 6 weeks before Trial] | **January 23, 2017** |
| **All Other Motions Including Motions *In Limine*** [Court recommends 1 weeks before Final Pre-trial Conference] | **January 30, 2017** |
| **Final Pretrial Conference** [As needed, the Court will set a date that is approximately 4 weeks before trial] | **February 6, 2017** |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | **February 20, 2017** |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day of the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **March 6, 2017** |
| **Estimated Length of Trial** [trial days] | **5 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation** Deadline: Mediator:   Mark A. Hanley Address:   100 South Ashley Drive, #1300, Tampa, FL 33602 Telephone: (813)229-3333 [Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **August 19, 2016** |
| All Parties Consent to Proceed Before Magistrate Judge | Yes ☐ No ☒ Likely to Agree in Future ☐ |

## I.      Meeting of Parties in Person

Lead counsel must meet in person and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

meeting was held in person on **Wednesday, December 2, 2015** at **10:00 a.m.** at the **Law Offices of Cynthia N. Sass, P.A., 601 West Dr. Martin Luther King Jr. Boulevard, Tampa, Florida 33603**, and was attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| Yvette D. Everhart, Esquire | Plaintiff |
| Peter F. Helwig, Esquire[2] | Plaintiff |
| Michael R. Whitt, Esquire | Defendant |
| Jeffrey S. Gleason, Esquire[2] | Defendant |

II.    **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ☐ have exchanged ☒ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A)(i)- (iv) (check one)

☐ on   ☒ by <u>January 15, 2016</u> (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

III.    **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of

---

[2] Mr. Helwig and Mr. Gleason attended by telephone.

electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

☐ No party anticipates the disclosure or discovery of ESI in this case;

☒ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if

---

[3] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26(f) and Rule 16.

appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

1. Should it become necessary for the parties to conduct a search of their databases to retrieve documents responsive to requests for production, counsel for the parties will consult with each other regarding the programs used to store the electronically stored information (ESI), including what software is used, the format it is in, and how it is arranged prior to production of responsive documents in order to determine the best method of production in accordance with Fed.R.Civ.P. 34. Ford Motor Co. v. Edgewood Properties, Inc., 257 F.R.D. 418, 427 (D.N.J. 2009).

2. Any ESI searches will include key word search terms to be agreed upon by counsel for the parties by **January 15, 2016**. *See* William A. Gross Constr. Assoc., Inc., 256 F.R.D. 134, 139 (S.D.N.Y. 2009) (admonishing counsel for not formulating key word searches for retrieval of ESI).

3. The parties will conduct quality assurance testing to see if the search terms produce reasonably responsive ESI and limited false positives. In re Seroquel Products Liability Litig., 244 F.R.D. 650, 652 (M.D.Fla. 2007) (Baker, M.J.) (Common sense

dictates that sampling and other quality assurance techniques be employed to meet requirements of completeness).

4. The parties agree to attempt to resolve any ESI discovery dispute prior to seeking the court's involvement.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

☐ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing. **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

☒ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.  Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required

certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

    ☒ Yes   ☐ No –    Amended Certificate will be filed by _____
                        (party) on or before _____, 2015 (date).

**B. Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (f). The parties further agree as follows: _____

**C. Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.     Depositions. To comply with the applicable Federal and local rules, all depositions shall be completed no later than the date of the discovery cutoff absent a reason as stipulated between counsel or permitted by the Court, with the exception of depositions *de bene esse* which may be completed as a

matter of right up to 30 days before trial.

2.     Interrogatories.  The parties will comply with applicable Federal and local rules.  It is agreed by the parties that all written interrogatories will be served so that the response deadline does not exceed the discovery cutoff date set forth herein.

3.     Document Requests.  The parties will comply with applicable Federal and local rules.  It is agreed by the parties that all requests for production or inspection will be served so that the response deadline does not exceed the discovery cutoff date set forth herein.

4.     Requests to Admit.  The parties will comply with applicable Federal and local rules.  It is agreed by the parties that all requests for admission will be served so that the response deadline does not exceed the discovery cutoff date set forth herein.

5.     Supplementation of Discovery.  Within 30 days of learning that a prior disclosure was incomplete or that new relevant information has become available.

6.     Third-Party Subpoenas.  In accordance with Federal Rule of Civil Procedure 45(b)(1), written notice must be given to the parties prior to serving third-party subpoenas, if the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, in this action. The parties agree that at least 10 calendar days prior to serving any subpoena or request for documents or inspection to a third party, notice will be served U.S. Mail and either e-mail or facsimile on the opposing

party. If the opposing party serves an objection to the subpoena within 10 days, the subpoena will not be served to the third party until the parties resolve the objection by agreement or the Court resolves the issue by order.

7.      Alterations/Redactions of ESI. Even if the information provided in response to discovery requested is provided in electronic format, the parties will be able to make a limited alteration to electronic format to add reference numbers, and redact sensitive information (i.e., street addresses, social security numbers, tax identification numbers, dates of birth, driver's license numbers, bank account information, information regarding minors), but no other alteration shall be made absent specific notice to the opposing party and generation of a privilege log, as appropriate.

8.      Individual Inquiry. Requests for electronically stored information shall be construed to request each party to make reasonable inquiry from individuals who are known to have participated in the facts and circumstances out of which the present dispute arises. However, each party retains the right to make reasonable requests that personal computers of specific individuals also be inspected for responsive documents.

9.      Electronic Information and/or Documents. When a request for electronic information or documents are made to Defendants, this request pertains to company devices and equipment and/or individual employee's personal electronic devices or equipment that contain relevant information.

D. **Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a

response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

### E.  Disclosure of Expert Testimony –

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:  None at this time.

### F.  Confidentiality Agreements –

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See* Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court

will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree to negotiate the terms of a confidentiality agreement before the initial exchange of documents.

      G. **Other Matters Regarding Discovery** – None at this time.

**V.**        **Settlement and Alternative Dispute Resolution.**

      A. **Settlement** –

The parties agree that settlement is

☐ likely    ☒ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

☐ yes     ☒ no       ☐ likely to request in future

      B. **Arbitration** –

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

☐ yes     ☒ no       ☐ likely to request in future

☐ Binding      ☐ Non-Binding

      C. **Mediation** –

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators

as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D.  Other Alternative Dispute Resolution –

The parties intend to pursue the following other methods of alternative dispute resolution:  None at this time.

Date:    December 10, 2015

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

| | |
|---|---|
| s/ Yvette D. Everhart | s/ Michael R. Whitt |
| Cynthia N. Sass, Esquire | Michael R. Whitt, Esquire |
| Florida Bar No. 0691320 | Florida Bar No. 0725020 |
| Yvette D. Everhart, Esquire | Robins Kaplan LLP |
| Florida Bar No. 36960 | 711 Fifth Avenue South, #201 |
| Law Offices of Cynthia N. Sass, P.A. | Naples, Florida 34102 |
| 601 W. Dr. Martin Luther King Jr. Blvd | Phone: (239) 430-7070 |
| Tampa, Florida 33603 | Fax:    (239) 213-1970 |
| Phone: (813) 251-5599 | Email: MWhitt@robinskaplan.com |
| Fax:    (813) 259-9797 | |
| E-mail: csass@sasslawfirm.com | and |
|          yeverhart@sasslawfirm.com | |
| | Jeffrey S. Gleason, Esquire |
| and | Minnesota Bar No. 661489 |
| | Robins Kaplan, LLP |
| Peter F. Helwig, Trial Counsel | 800 LaSalle Avenue, Suite 2800 |
| Florida Bar No. 0588113 | Minneapolis, MN 55402 |
| Harris & Helwig, P.A. | Phone:  (612)-349-8500 |
| 6700 South Florida Avenue, Suite 31 | Fax:  (612) 339-4181 |
| Lakeland, Florida 33813 | Email: JGleason@RobinsKaplan.com |
| Telephone:  (863) 648-2958 | |
| Facsimile:  (863) 619-8901 | Attorneys for Defendants |
| Email: pfhelwig@tampabay.rr.com | |

Attorneys for Plaintiff