# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN BURNS,

        Plaintiff,

v.

MEDTRONIC, INC.;
NEAL HORNE, individually;
MIKE MATHIAS, individually; and
CLAYTON DESANTIS, individually,

        Defendants.

CASE NO. 8:15-cv-2330-T17-EAK-TBM

**Amended Joint and Several Answer and Affirmative Defenses of Defendants Medtronic, Inc., Neal Horne, Mike Mathias, and Clayton DeSantis to Plaintiff's Second Amended Complaint**

---

Defendants Medtronic, Inc., Neal Horne, Mike Mathias, and Clayton DeSantis (collectively, "Defendants") for their Amended Joint and Several Answer to Plaintiff John Burns' ("Plaintiff") Second Amended Complaint, deny each and every averment contained therein, except as hereinafter specifically admitted or qualified:

## Jurisdiction, Parties, and Venue

1.      Paragraph 1 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants admit that Plaintiff purports to allege violations of the Sarbanes Oxley Act of 2002, 18 U.S.C. § 1514A, *et seq.* and the Florida Private Whistleblower Act, Florida Statute § 448.101, *et seq.* in Paragraph 1 of the Second Amended Complaint, but deny any such violations.

2.      Paragraph 2 contains conclusions of law to which Defendants are not required to respond. To the extent a response is deemed necessary, Defendants admit

that Plaintiff purports to allege violations of law in Paragraph 2 of the Second Amended Complaint, but deny any such violations.

3.      Defendants admit that this Court has jurisdiction over this action, but deny any violation of law.

4.      Upon information and belief, Defendants admit that Plaintiff is a resident of Manatee County, Florida, and a citizen of the United States of America.

5.      Defendants admit that Medtronic is a Minnesota corporation authorized to do business in the State of Florida. Medtronic further admits that it transacts business in Manatee County, Florida.

6.      Defendants admit that Horne is a resident of Manatee County, Florida, and a citizen of the United States of America.

7.      Defendants admit that Mathias is a resident of Minneapolis, Minnesota and a citizen of the United States of America. Defendants admit that this Court may assert personal jurisdiction over Mathias, but deny any violation of law.

8.      Defendants admit that DeSantis is a resident of Manatee County, Florida, and a citizen of the United States of America.

9.      Defendants admit that venue is proper, but deny any unlawful employment practices or any other violation of law.

10.     Defendants admit that Medtronic is publicly traded on the NYSE under the ticker symbol "MDT."

11.     Defendants admit that, among other things, Medtronic develops and manufactures medical device technology and therapies. Defendants further admit that, among other things, Medtronic sells products to hospitals and doctors.

12.     Defendants admit that Plaintiff worked as a Clinical Specialist for Medtronic from June 5, 2000 until approximately 2004, and then took a position as a Sales Representative.

13.     Defendants admit that Plaintiff worked as a Sales Representative for Medtronic in Bradenton, Florida from 2004 until on or around March 2, 2014.

14.     Defendants admit that Plaintiff worked for Medtronic as a Clinical Specialist in and around Manatee, Hillsborough, Charlotte, Lee, and Collier counties from March 3, 2014 until his termination on or around May 2, 2014.

15.     Defendants admit that Horne is Medtronic's District Manager of Southwest Florida. Defendants admit that Horne, with others, had the authority to affect the terms and conditions of Plaintiff's employment, but deny that Horne had the sole authority to affect the terms and conditions of Plaintiff's employment.

16.     Defendants admit that Horne served as Plaintiff's direct supervisor from 2003 through approximately March 2014.

17.     Defendants admit that Horne previously reported to Mathias, who served as the Vice-President of Sales for the Florida Region from February 2009 until September 2014. Defendants admit that Mathias, with others, had the authority to affect the terms and conditions of Plaintiff's employment, but deny that Mathias had the sole authority to affect the terms and conditions of Plaintiff's employment.

18.     Defendants admit that DeSantis was Medtronic's District Service Manager for the time period of May 2010 through May 2016. Defendants admit that DeSantis, with others, had the authority to affect the terms and conditions of Plaintiff's employment, but deny that DeSantis had the sole authority to affect the terms and conditions of Plaintiff's employment.

19.     Defendants admit that DeSantis became Plaintiff's direct supervisor in March 2014.

20.     Defendants admit that DeSantis directly reported to Mathias for the time period of May 2010 through September 2014.

21.     Defendants admit that Medtronic has entered two Corporate Integrity Agreements ("CIA") with the Office of Inspector General of the United States Department of Health and Human Services.

22.     Defendants admit that Medtronic entered a CIA for the time period of May 31, 2009 through May 31, 2014. The terms of that agreement are set forth in the agreement itself, which is publicly available.

23.     Defendants admit that Medtronic entered a CIA for the time period of May 31, 2009 through May 31, 2014. The terms of that agreement are set forth in the agreement itself, which is publicly available.

24.     Defendants admit that each person covered by the CIA, including Plaintiff, was required to certify that he or she had received, read, understood, and would abide by Medtronic's Code of Conduct. Defendants deny that Plaintiff complied with this requirement.

25.     Defendants admit that Medtronic entered a CIA for the time period of May 31, 2009 through May 31, 2014. The terms of that agreement are set forth in the agreement itself, which is publicly available.

26.     Defendants admit that Medtronic required Plaintiff to complete trainings on legal and ethical practices, and further admit that Plaintiff completed the required trainings each year, but deny that Plaintiff's conduct complied with the trainings.

27.     Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendants deny that Plaintiff reported any alleged illegal practices over the course of three years, and therefore no investigation was required.

29.     Defendants admit that Medtronic maintains a Voice Your Concern hotline for employees to raise allegations about legal and ethical violations. Medtronic denies that the concerns always remain confidential.

30.     Defendants deny the allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny the same.

33.     Defendants deny the allegations in Paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Second Amended Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Second Amended Complaint.

38.     Defendants admit that Medtronic trained Plaintiff and other employees on what activities constituted Medicare fraud and illegal kickback practices, but deny any violation of law.

39.     Defendants admit that Medtronic provided training to Plaintiff but deny any violation of law and further deny engaging in any conduct that would allow Plaintiff to have a "reasonable belief of fraud."

40.     Defendants deny the allegations in Paragraph 40 of the Second Amended Complaint.

41.     Defendants lack sufficient knowledge or information to form a belief as to truth of the allegation that Plaintiff sought an opinion from AdvaMed and therefore deny the same. Defendants deny the remaining allegations in Paragraph 41 of the Second Amended Complaint.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Boston Scientific settled claims of kickback charges in the

amount of $22 million and therefore deny the same. Defendants deny the remaining allegations in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Second Amended Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Second Amended Complaint.

45.     Defendants state that the document cited in Paragraph 45 speaks for itself, and therefore no response is required.

46.     Defendants deny the allegations in Paragraph 46 of the Second Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Second Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint.

49.     Defendants admit that Horne met with Plaintiff in October 2013 to discuss Plaintiff's sales numbers, but deny the remaining allegations in Paragraph 49 of the Second Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Second Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint.

53.     Defendants admit that one of the options that Horne presented Plaintiff was a transition to the Clinical Specialist position, and further state that Horne provided Plaintiff multiple reasons for that transition.

54.     Defendants admit the allegations in Paragraph 54 of the Second Amended Complaint.

55.      Defendants admit that Plaintiff was excluded from certain events as a result of his insubordinate behavior and unprofessional conduct with and in front of customers.

56.     Defendants admit that on or around November 25, 2013, Horne presented Plaintiff with the option to transition to a Clinical Specialist position, which Plaintiff accepted, but deny the remaining allegations in Paragraph 56 of the Second Amended Complaint.

57.     Defendants admit that Plaintiff was transitioned to a Clinical Specialist position as a result of his low sales and unprofessional conduct, but deny the remaining allegations in Paragraph 57 of the Second Amended Complaint.

58.     Defendants admit that Plaintiff's counsel sent a letter to Medtronic on or around January 27, 2014 but deny any violation of law.

59.     Defendants deny the allegations in Paragraph 59 of the Second Amended Complaint.

60.     Defendants admit that Plaintiff participated in an investigative interview on or around February 25, 2014, but deny any violation of law.

61.     Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

63.     Defendants admit that Plaintiff complained to Rich on or around March 1, 2014, but deny the remaining allegations in Paragraph 63 of the Second Amended Complaint.

64.     Defendants admit that Plaintiff transitioned to the Clinical Specialist position on or around March 3, 2014, and that DeSantis became Plaintiff's new supervisor.

65.     Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66.     Defendants admit that, as a result of Plaintiff's unprofessional conduct, he was not permitted to—but still did—communicate with customers in Bradenton. Defendants deny the remaining allegations in Paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Second Amended Complaint.

68.     Defendants admit that Plaintiff was insubordinate and failed to follow directives, but deny the remaining allegations in Paragraph 68 of the Second Amended Complaint.

69.     Defendants admit that Medtronic terminated Plaintiff on or around May 2, 2014, and that DeSantis communicated that termination.

70.     Defendants deny the allegations in Paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Second Amended Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Second Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Second Amended Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Second Amended Complaint.

## **Count I**

76.     Defendants incorporate by reference Paragraphs 1-75 above as if fully set forth herein.

77.     Defendants admit that Plaintiff filed a Complaint with OSHA, waited 180 days from the filing of his SOX complaint without a final decision from OSHA and/or

the Secretary of the Department of Labor, and removed his SOX complaint from OSHA and filed the instant action, but deny any violation of law.

78.     The allegations in Paragraph 78 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 78 of the Second Amended Complaint.

79.     The allegations in Paragraph 79 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 79 of the Second Amended Complaint.

80.     The allegations in Paragraph 80 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 80 of the Second Amended Complaint.

81.     The allegations in Paragraph 81 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 81 of the Second Amended Complaint.

82.     The allegations in Paragraph 82 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 82 of the Second Amended Complaint.

83.     Defendants admit that Plaintiff's counsel sent a letter to Medtronic on January 27, 2014 complaining of alleged retaliation, and further admit that Plaintiff provided information to Rich on or around February 25, 2014, but deny the remaining allegations in Paragraph 83 of the Second Amended Complaint and deny any violation of law.

84.     Defendants admit that Plaintiff was transitioned to a Clinical Specialist position and was later terminated, but deny the remaining allegations in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Second Amended Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint.

## **Count II**

90.     Defendants incorporate by reference paragraphs 1—89 as if fully set forth herein.

91.     The allegations in Paragraph 91 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 91 of the Second Amended Complaint.

92.     The allegations in Paragraph 92 of the Second Amended Complaint contain conclusions of law to which Defendants are not required to respond. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 92 of the Second Amended Complaint.

93.     Defendants admit that Plaintiff's counsel sent a letter to Medtronic on January 27, 2014 complaining of alleged retaliation, and further admits that Plaintiff provided information to Rich on or around February 25, 2014, but deny the remaining allegations in Paragraph 93 of the Second Amended Complaint and deny any violation of law.

94.     Defendants admit that Plaintiff was transitioned to a Clinical Specialist position and was later terminated, but deny the remaining allegations in Paragraph 84 of the Second Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Second Amended Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Second Amended Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint.

## Affirmative Defenses

100.    Defendants incorporate by reference paragraphs 1-99 above into their Affirmative Defenses as if fully set forth herein.

### First Affirmative Defense
### (Failure to State a Claim – Sarbanes-Oxley)

101.    Plaintiff's Second Amended Complaint fails to state a claim under Sarbanes-Oxley because Plaintiff fails to identify any conduct that could be construed as fraud on Medtronic's shareholders.

102.    Plaintiff's Second Amended Complaint fails to state a claim under Sarbanes-Oxley because Plaintiff fails to allege that any purported conduct was material to Medtronic's shareholders.

103.    Plaintiff's Second Amended Complaint fails to state a claim under Sarbanes-Oxley because Plaintiff's purported belief of violations of the False Claims Act, the Anti-Kickback Statute, and the Physician Payment Sunshine Act do not qualify as protected conduct under Sarbanes-Oxley.

104.    Plaintiff's Second Amended Complaint fails to state a claim under Sarbanes-Oxley because Plaintiff's purported belief of a violation of a Corporate Integrity Agreement does not qualify as a protected activity under Sarbanes-Oxley.

105.     Plaintiff's Second Amended Complaint fails to state a claim under Sarbanes-Oxley because Plaintiff fails to identify any conduct that Medtronic was required to report under 17 C.F.R. § 229.303.

106.     Therefore, Plaintiff's claims under Sarbanes-Oxley are barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Second Affirmative Defense
### (Failure to State a Claim - Florida Whistleblower Act)

107.     Plaintiff's Second Amended Complaint fails to state a claim under the Florida Whistleblower Act because Plaintiff has not pled that he objected to an actual violation of law.

108.     Plaintiff's Second Amended Complaint fails to state a claim under the Florida Whistleblower Act because Plaintiff has not pled that it was objectively reasonable for him to believe that certain alleged conduct violated any of the statutes cited in the Second Amended Complaint.

109.     Therefore, Plaintiff's claim under the Florida Whistleblower Act is barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Third Affirmative Defense
### (Failure to Plead Fraud with Particularity)

110.     Plaintiff fails to allege the identity of all Medtronic employees who allegedly performed illegal activities such as entertaining physician customers and performing valuable services for physicians for free with the intent of gaining business.

111.     Plaintiff fails to allege the date, or even approximate date, of when Medtronic employees purportedly performed illegal activities such as entertaining

physician customers and performing valuable services for physicians for free with the intent of gaining business.

112.    Plaintiff fails to allege where Medtronic employees purportedly performed illegal activities such as entertaining physician customers and performing valuable services for physicians for free with the intent of gaining business.

113.    Plaintiff fails to allege the identity of all Medtronic employees who allegedly improperly expensed meals, entertainment, and services in an effort to hide unethical and illegal violations.

114.    Plaintiff fails to allege the date, or even approximate date, of when Medtronic employees allegedly improperly expensed meals, entertainment, and services in an effort to hide unethical and illegal violations.

115.    Plaintiff fails to allege where Medtronic employees allegedly improperly expensed meals, entertainment, and services in an effort to hide unethical and illegal violations.

116.    Plaintiff fails to allege the identity of all Medtronic employees who allegedly engaged in billing processes and document creation that allegedly resulted in Medicaid and Medicare fraud.

117.    Plaintiff fails to allege the date, or even approximate date, of when Medtronic employees allegedly engaged in billing processes and document creation that allegedly resulted in Medicaid and Medicare fraud.

118.    Plaintiff fails to allege the identity of where Medtronic employees allegedly engaged in billing processes and document creation that allegedly resulted in Medicaid and Medicare fraud.

119.    Therefore, Plaintiff's claims are barred, in whole or in part, for failure to plead fraud claims with particularity as required by Federal Rule of Civil Procedure 9(b).

### Fourth Affirmative Defense
### (Statute of Limitations)

120.    Each cause of action, claim, and item of damages in Plaintiff's Second Amended Complaint did not accrue within the time prescribed by law for them before this action was brought.

121.    Therefore, Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

### Fifth Affirmative Defense
### (Other Grounds for Employment Action – Florida Whistleblower Act)

122.    For two years before his transition to the Clinical Specialist position, Plaintiff's sales number steeply declined.

123.    Plaintiff had multiple altercations with doctors and customers.

124.    Medtronic received multiple complaints about Plaintiff from doctors, competitors, and even Plaintiff's own colleagues.

125.    Plaintiff violated multiple requirements on which his transition to the Clinical Specialist position was conditioned.

126.     Therefore, any damages allegedly suffered by Plaintiff were caused by Plaintiff's own acts, conduct, fault, omissions, delay, or failure to act. As such, Plaintiff may not recover in this action as the purported personnel action was predicated upon grounds other than Plaintiff's alleged exercise of a right protected by the Florida Whistleblower Act.

### Sixth Affirmative Defense
### (Failure to Mitigate)

127.     Plaintiff's transition to the Clinical Specialist position was the result of his own actions.

128.     Specifically, Plaintiff's sales numbers steeply declined, he became combative with customers and doctors, and Medtronic received multiple complaints about Plaintiff's behavior.

129.     Plaintiff's termination was the result of his own actions. Specifically, Plaintiff failed to follow the conditions on which his transition to the Clinical Specialist position was conditioned, he continued to communicate with customers, and Medtronic received additional complaints about his behavior.

130.     Plaintiff failed to take the appropriate actions to avoid the transition to the Clinical Specialist position and to avoid termination.

131.     Plaintiff has not taken the necessary steps to secure alternate employment.

132.     Therefore, Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages.

## Seventh Affirmative Defense
### (Lack of Standing)

133.     Plaintiff is no longer employed by Medtronic, Inc.

134.     Therefore, Plaintiff's claims for injunctive relief are barred, in whole or in part, for lack of standing.

## Prayer for Attorneys' Fees

Defendants have retained the undersigned firm to represent them in this action and are entitled to recovery of their prevailing party attorneys' fees pursuant to § 448.104, Florida Statutes.

## Prayer for Relief

WHEREFORE, Defendants pray that the Court determine and adjudge as follows:

1.     That the Second Amended Complaint be dismissed with prejudice;

2.     That Plaintiff take nothing by his Second Amended Complaint;

3.     That Defendants be awarded all of their costs, disbursements, and expenses incurred herein; and,

4.     That the Court award such other and further relief as it deems just and proper.

5.

### Demand for Jury Trial

Defendants demand a trial by jury on all issues so triable.

Dated:  August 26, 2016                **Robins Kaplan LLP**

By:   *s/ Amira A. ElShareif*

Christopher W. Madel
(admitted *pro hac vice*)
Jeffrey S. Gleason
(admitted *pro hac vice*)
Amira A. ElShareif
(admitted *pro hac vice*)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Fax: (612) 339-4181
CMadel@RobinsKaplan.com
JGleason@RobinsKaplan.com
AElShareif@RobinsKaplan.com

Michael R. Whitt
(Fla. Bar No. 0725020)
711 Fifth Avenue South, Suite 201
Naples, FL 34102
Telephone: (239) 430-7070
Fax: 239-213-1970
MWhitt@RobinsKaplan.com

*Attorneys for Defendants Medtronic, Inc., Neal*
*Horne, Mike Mathias and Clayton DeSantis*

## Certificate of Service

I hereby certify that on August 26, 2016, I electronically filed the Amended Joint and Several Answer and Affirmative Defenses of Defendants Medtronic, Inc., Neal Horne, Mike Mathias, and Clayton DeSantis to Plaintiff's Second Amended Complaint with the Clerk of the Court using the CM/ECF, and a copy has been furnished by the Court's CM/ECF system to all counsel of record as follows:

| | |
|---|---|
| Cynthia N. Sass, Esquire | csass@sasslawfirm.com |
| Yvette D. Everhart, Esquire | yeverhart@sasslawfirm.com |
| Joshua R. Kersey, Esquire | jkersey@sasslawfirm.com |
| Law Offices of Cynthia N. Sass, P.A. | |
| 601 West Dr. Martin Luther King Jr. Blvd. | |
| Tampa, Florida 33603 | |
| Attorneys for Plaintiff | |

Dated:  August 26, 2016

**Robins Kaplan LLP**

By:   *s/ Amira A. ElShareif*
 Christopher W. Madel (admitted *pro hac vice*)
 Jeffrey S. Gleason (admitted *pro hac vice*)
 Amira A. ElShareif (admitted *pro hac vice*)
 800 LaSalle Avenue, Suite 2800
 Minneapolis, Minnesota 55402
 Telephone: (612) 349-8500
 Fax: (612) 339-4181
 CMadel@RobinsKaplan.com
 JGleason@RobinsKaplan.com
 AElShareif@RobinsKaplan.com

 Michael R. Whitt
 (Fla. Bar No. 0725020)
 711 Fifth Avenue South, Suite 201
 Naples, FL 34102
 Telephone: (239) 430-7070
 Fax: 239-213-1970
 MWhitt@RobinsKaplan.com

 *Attorneys for Defendants Medtronic, Inc., Neal Horne, Mike Mathias and Clayton DeSantis*